UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VIDAL MCDOWELL,<br><br>     Plaintiff(s),<br><br>v.<br><br>PLUTO ACQUISITION OPCO, LLC,<br><br>     Defendant(s). | Case No. 23-cv-12827<br><br>Honorable Robert J. White |

**ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND NOTICE OF SETTLEMENT CASE**

THIS MATTER came before the Court on June 5, 2025, upon the parties Joint Motion for Preliminary Approval of Settlement and Notice to Settlement Class. [Doc. 41]. Having considered the Settlement, all papers and proceedings held herein, having reviewed the record in this action and receiving clarification from counsel, the Court finds:

1. **History of the Action**

On April 1, 2025, the Parties notified the Court a settlement had been reached, pending completion of a comprehensive settlement agreement. [Doc. 37].

On May 16, 2025, the parties filed a Joint Motion for Preliminary Approval of Class Action Settlement. [Doc. 41]. In accordance with the Stipulation of Settlement,

the parties seek certification, for settlement purposes, of two classes, an Injunctive Relief Class and a K-Notice Payment Class. ("Settlement Classes."). The Injunctive Relief Class, for which the parties seek certification pursuant to Rule 23(b)(2), is defined as:

*All employees and job applicants in the United States who were the subject of a consumer report furnished by PeopleFacts for employment purposes that was provided without the user's written certification of compliance with 15 U.S.C. § 1681b(b)(2) and 15 U.S.C. § 1681b(b)(3), within five years of the filing of this lawsuit through the date of preliminary approval in this action.*

The K-Notice Payment Class, for which the parties seek certification pursuant to Rule (b)(3)23, is defined as:

*All consumers in the United States who were the subject of a consumer report furnished by PeopleFacts that included criminal history entries of the grade of misdemeanor or higher, that were not provided notice at the time such information was being reported to the user of the consumer report, within two years of the filing of this lawsuit through the date of preliminary approval in this action.*

The Court analyzes the parties' request for certification of the Injunctive Relief Class and K-Notice Payment Class below.

**II.    Certification Analysis**

"[C]lasses should be defined to specify a particular group," so the court can "ascertain its membership in some objective manner." *Kinder v. Northwestern Bank*, 278 F.R.D. 176, 182 (W.D. Mich. 2011). The Court finds the Settlement Classes are ascertainable based on objective criteria. The Injunctive Relief Class consists of approximately 4.4 million consumers who were the subject of a consumer report

furnished by Defendant for employment purposes between November 7, 2018, and the date of this Order. The K-Notice Payment Class consists of approximately 18,965 consumers (who are also in the Injunctive Relief Class) whose consumer reports were furnished by Defendant between November 7, 2021, and the date of this Order, whose consumer reports contained criminal history entries of misdemeanor or higher and were not issued notice at the time the information was reported. The Court is satisfied that Plaintiff is a member of both Settlement Classes and the Settlement Classes are ascertainable.

1. Rule 23(a) is Satisfied for Both Settlement Classes

   a. **<u>Numerosity</u>**

The Court finds that the Injunctive Relief Class, with 4.4 million members, and the K-Notice Payment Class, with 18,965 members, both satisfy the numerosity requirement.

   b. **Commonality**

Commonality is satisfied when there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "[T]he commonality test is met when there is at least one issue whose resolution will affect all or a significant number of the putative class members." *Fallick v. Nationwide Mutual Insurance Co.*, 162 F.3d 410, 422 (6th Cir. 1998).

The Court finds the Injunctive Relief Class satisfies the commonality requirement. Plaintiff's claims, and the claims of the Injunctive Relief Class resolved by determining whether Defendant failed to obtain certain FCRA-mandated certifications from users of its consumer reports for employment purposes. The inquiry is common to all Injunctive Relief Class members. Similarly, Plaintiffs claims, and the claims of the K-Notice Payment Class can be resolved by determination as to whether Defendant maintained reasonable procedures to ensure the criminal history information it reported was complete and up-to-date, and if not, whether it failed to provide consumers with notice at the time it was being reported. The Court finds the K-Notice Payment Class also satisfies the commonality requirement.

### c. Typicality

"A claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or him claims are based on the same legal theory." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007); *Date v. Sony Elecs., Inc.*, 2013 WL 3945981, at *3 (E.D. Mich. July 31, 2013) ("Because all Class Members' claims arise from the same course of conduct . . . their claims are based on the same legal theory and the typicality requirement, which is not onerous, is met."). The Court finds typicality is satisfied,

as Plaintiff was impacted by the same [Defendant's] policies, practices and procedures as the Injunctive Relief Class and the K-Notice Payment Class.

### d. Adequacy

The Court finds Plaintiff to be an adequate class representative. He has no conflicts, is a part of the Settlement Classes, possesses the same interest, suffered the same injury, and thus, seeks the same type of relief as the other class members of the Settlement Classes. *See Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 562 (6th Cir. 2007) (quoting *Amchem*, 521 U.S. at 625–26.

2. **The Injunctive Relief Class Satisfies Rule 23(b)(2)**

A settlement providing equitable relief to a class of persons must meet the requirements of Rule 23(b)(2) – "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). FCRA class settlements providing for injunctive relief in the form of changes to business practices meets Rule 23(b)(2) requirements. *See Berry v. Schulman*, 807 F.3d 600, 612 (4th Cir. 2015) (affirming approval of hybrid FCRA class settlement under both Rule 23(b)(2) and (3), the court noted "the premise behind certification of mandatory classes under Rule 23(b)(2) is that because the relief sought is uniform, so are the interests of class members, making class-wide representation possible and opt out rights unnecessary"). The Consent Order, if

entered, addresses the alleged FCRA violation by the Injunctive Relief Class. *See, e.g. In RE: TransUnion Rental Screening Solutions, Inc. FCRA Litigation*, No. 1:20-md-02933-JPB (N.D. Ga., Oct. 2, 2023) – Dkt. 147 (entry of Consent Injunctive Relief Order intended to remedy alleged deficiencies in issuance of Landlord-Tenant reports.) The Court finds the Injunctive Relief Class satisfies the requirement of Rules 23(a) and 23(b)(2) and therefore certifies the Injunctive Relief Class for settlement purposes.

3. **The K-Notice Payment Class Meets Rule 23(b)(3)'s Predominance and Superiority Requirements**

Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. The predominance requirement tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997). When there is a single factual or legal question common to the class, the "predominance requirement is met if this common question is at the heart of the litigation." *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007). The Court finds the claims of the K-Notice Payment Class arise from uniform business practices that Defendant followed in preparing reports containing certain criminal history and notifying consumers about the sale of such reports to employers. There are no other questions requiring individual review or any other pertinent facts requiring an impermissible individualized analysis. The

claims, and Defendant's defenses, are identical as to every K-Notice Payment Class member. For this reason, the Rule 23(b)(3) predominance requirement is satisfied.

The factors to be considered in determining the superiority of the class mechanism are: (1) the interest in controlling individual prosecutions; (2) the existence of other related litigation; (3) the desirability of concentrating the litigation in the forum; and (4) manageability. *Olden v. LaFarge Corp.*, 383 F.3d 495, 507-08 (6th Cir. 2004). Class actions are particularly appropriate where multiple lawsuits would not be justified because of the small amount of money sought by the individual plaintiffs. *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 625-26 (6th Cir. 2005) (quoting *Windsor*, 521 U.S. at 617). Here, the amount in controversy is limited to statutory damages between $100.00 and $1,000.00. *See* 15 U.S.C. § 1681n. The absence of any similar existing claims compels "there is no indication that any class member wants to individually control his or him own separate action." *Calloway v. Caraco Pharm. Labs., Ltd.*, 287 F.R.D. 402, 408 (E.D. Mich. 2012). The Court finds Rule 23(b)(3)'s superiority requirement is satisfied, resolving the claims of over 20,000 consumers. Importantly, any member who believes they have suffered actual damage has the right to pursue their claims on an individual basis.

For the foregoing reasons, the Court finds the K-Notice Payment Class satisfies the requirements of Rules 23(a) and 23(b)(3) and certifies the K-Notice Payment Class for settlement purposes.

4. **The Court Preliminarily Approves the Settlement**

The Court incorporates a two-stage process to review a class action settlement - preliminary and final approval. Fed. R. Civ. P. 23(e)(1)-(2) (eff. Dec. 1, 2018); *see* Conte & Newberg, 4 *Newberg on Class Actions*, § 11.25, at 38–39 (4th ed. 2002). The first step is a "preliminary, pre-notification hearing to determine whether the proposed settlement is within the range of possible approval." *In re Packaged Ice Antitrust Litig.*, 2010 WL 3070161, at *4 (E.D. Mich. Aug. 2, 2010). Before the Court can grant preliminary approval and direct notice to the classes, Plaintiff must "show[] that the court will likely be able to approve the proposal under Rule 23(e)(2)." Fed. R. Civ. P. 23(e)(2). Approval under Rule 23(e)(2) requires that the settlement be fair, reasonable, and adequate taking into consideration the following factors: (1) whether the class representative and class counsel have adequately represented the class; (2) whether the settlement was negotiated at arm's length; (3) whether the settlement treats class members equitably relative to each other; and (4) whether the relief provided for the class is adequate. Fed. R. Civ. P. 23(e)(2) (eff. Dec. 1, 2018).

The Court finds Plaintiff has adequately represented the Class. His willingness to serve the Settlement Classes has led to changes in Defendant's business practices and monetary payments to the K-Notice Payment Class. For the same reasons, the Court finds Class Counsel has also adequately represented the Settlement Classes.

The Court also finds the Settlement was negotiated for four months at arms-length after the parties attended a day-long mediation session with the Hon. Diane Welsh. *Sheick v. Auto. Component Carrier, LLC*, 2010 WL 3070130, at *13 (E.D. Mich. Aug. 2, 2010) (arm's-length negotiations conducted "by adversarial parties and experienced counsel" are indicative of a settlement's fairness, reasonableness, and adequacy).

The Court also considers: (1) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; (2) the risks, expense, and delay of further litigation; (3) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (4) the amount of discovery completed and the character of the evidence uncovered; (5) whether the settlement is fair to the unnamed class members; (6) objections raised by class members; (7) whether the settlement is the product of arm's length negotiations as opposed to collusive bargaining; and (8) whether the settlement is consistent with the public interest. *Intl. Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors* Corp., 497 F.3d 615, 631 (6th Cir. 2007).

"The most important of the factors to be considered in reviewing a settlement is the probability of success on the merits. The likelihood of success, in turn, provides a gauge from which the benefits of the settlement must be measured." *Poplar Creek Development Co. v. Chesapeake Appalachia, LLC*, 636 F.3d 235, 245 (6th Cir. 2011). (citations omitted). The Court has evaluated the probability of success relative to the benefits of the Settlement. To prevail on their claims, the Settlement Classes would have faced significant obstacles, as Defendant had grounds to defend class certification, prevail on summary judgment or at trial, and avoid determination that it violated the statute willfully. Thus, Court finds the interests of the Settlement Classes class are better served if the litigation is resolved now. Weighed against the risks associated with litigation, the proposed settlement is fair, reasonable, and adequate. The Defendant is agreeing to change its business practices and K-Notice Payment Class Members are automatically receiving a gross payment of over $100 for their claims, more than payments to class members in comparable FCRA disclosure class actions.

"[M]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them." *In re Southeastern Milk*, 2012 WL 2236692, at *3 (citing *In re Telectronics Pacing Sys., Inc.*, 137 F.Supp.2d 985, 1013 (S.D. Ohio 2001)). See also *Gokare v. Fed. Express Corp.*, 2:11-CV-2131-JTF-CGC, 2013 WL 12094870, *4 (W.D. Tenn. Nov. 22, 2013). The

Court finds the Settlement, which eliminates future costs, delays and risk, to be in the best interest of the Class.

Class Counsel supports the Settlement. The Court finds Class Counsel's support of the Settlement weighs in favor of approving the Settlement.

The Court finds Class Counsel conducted comprehensive discovery. Class Counsel had sufficient information regarding the underlying facts of his claim, the size of the classes, the scope of the violations and the value of the case. Class Counsel has concluded the Settlement to be a fair compromise. The Court agrees.

The Court is not aware of any objections or concerns from unnamed Settlement Class Members, which weighs in favor of preliminary approval.

The Court finds this Settlement to be a product of arm's length negotiations. The Court finds no evidence of fraud or collusion.

The Court finds the Settlement is in the public interest. By way of this litigation, Plaintiff and Class Counsel have effectuated changes in Defendant's policies and procedures, from which future consumers employees and applicants shall benefit. The Court also finds it to provide other consumer reporting agencies notice of the potential consequences for violating FCRA's the employment-related provisions.

The Court finds the $5,000.00 compensation provided to Plaintiff for serving the class to be reasonable.

11

5.     **Class Counsel will Fairly and Adequately Represent the Class**

The Court finds Marc R. Edelman, Esq. and his firm, Morgan & Morgan P.A., and Craig C. Marchiando, and his firm, Consumer Litigation Associates, PLLC, will adequately represent the Settlement Classes. Mr. Edelman and Mr. Marchiando have each been practicing law for over 25 years, identified the FCRA violations alleged, and obtained a very favorable outcome for the Settlement Classes. Both firms have been approved as class counsel in many similar FCRA class action lawsuits, and have demonstrated the expertise, commitment and resources to serve as Class Counsel. Furthermore, this Court has previously approved Morgan & Morgan as class counsel in a similar FCRA class action. *Washington v. DialogDirect*, No: 2:21-cv-10445-LVP-RSW (E.D.Mich. April 18, 2022).

For the reasons detailed herein, the Court finds the Settlement should be preliminarily approved.

6.     **The Proposed Notice Meets the Requirements of Rules 23(c)(2)(B) and (e)(1)**

The Court finds the Notice of Proposed Class Action Settlement (Attached as Exhibit "A") meets the requirements of Federal Rules of Civil Procedure and comports with due process by clearly notifying class members of their rights to their share of the settlement, object to the settlement or opt out of the settlement to pursue individual claims, as well as a reasonable timeframe within which to exercise those

rights. Thus, the Court approves the proposed notice plan and the language of the Notice proposed by the Parties.

Regarding the Injunctive Relief Class, all members share the same interest in changing Defendant's business practices. None are releasing any individual claims for monetary damages. The relief contemplated is injunctive in nature and should they choose, Injunctive Relief Class Members still retain the right to pursue claims individually. Thus, the due process protection afforded to class members in Rule 23(b)(3) settlements is not required. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011)(Rule 23(b)(2) provides no opportunity for class members to opt out, "and does not even oblige the District Court to afford them notice of the action."); see, *See e.g Coleman v. Gen. Motors Acceptance Corp.,* 220 F.R.D. 64, 86 (M.D. Tenn. 2004). Therefore, the Court does not require the parties to provide notice or opt-out rights to the Injunctive Relief Class.

Finally, the Court sets this case for hearing for final approval of the settlement on Monday, **October 20, 2025 at 2:00 p.m.** and instructs the Parties to include this hearing date, time and location in the Notice to be sent pursuant to the notice plan.

SO ORDERED.

Dated: June 6, 2025    s/Robert J. White
                      Robert J. White
                      United States District Judge