UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VIDAL MCDOWELL,<br><br>    Plaintiff,<br><br>v.<br><br>PLUTO ACQUISITION OPCO, LLC,<br><br>    Defendant. | Case No. 23-cv-12827<br><br>Honorable Robert J. White |

**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

THIS MATTER came before the Court on October 20, 2025, upon the parties' Joint Motion for Final Approval of Settlement. (ECF No. 47). Having considered the Settlement, all papers and proceedings held herein, and having reviewed the record and heard counsel's arguments in support thereof, the Court finds:

1.  Notice of the Settlement and the Final Fairness Hearing was provided to the Class pursuant to the Court's Order of Preliminary Approval. No Class Members objected to the Settlement, and only one person opted out of the Settlement, presumably to preserve FCRA claims other than those being resolved by way of this Settlement. No Class Members were present at the Final Fairness

Hearing. Thus, the Court finds that notice having been provided, there are no objections to the Settlement.

    2.    The Court finds the Settlement to be fair, reasonable and adequate as required by Rule 23(e), Fed. R. Civ. P. Specifically, Class Counsel and Plaintiff, Mr. McDowell, have adequately represented the Class; the Settlement was negotiated at arms-length through a well-respected mediator, the Hon. Diane Welsh, and the terms of settlement agreed to after extensive arms-length negotiations; the relief provided is adequate; and Class Members are being treated equitably relative to each other.

    3.    The Court finds the costs, risks and potential delay of trial and appeal support the Settlement and immediate relief to the Settlement Classes. The Court recognizes Plaintiff and the Settlement Classes were pursuing claims under infrequently litigated provisions of the FCRA and faced significant obstacles to obtaining an outcome of equal or better terms than presently before the Court for approval. With this Settlement, all risk is removed, and Class Members are obtaining injunctive relief and the K-Notice Payment Class is receiving a monetary award that exceed those typically recovered in FCRA notice class actions.

    4.    The Court also finds the proposed method of distributing relief also supports the adequacy of the Settlement.

5.     The Court finds the attorney's fees do not undermine the adequacy of relief to the Class Members.

6.     In *Gascho*, the Sixth Circuit re-iterated the seven factors guiding the Court's inquiry in determining whether a class action settlement should be approved. Those factors are (1) "the risk of fraud or collusion;" (2) the "complexity, expense and likely duration of the litigation;" (3) the "amount of discovery engaged in by the parties;" (4) the "likelihood of success on the merits;" (5) the "opinions of class counsel and class representatives;" (6) the "reaction of absent class members;" and (7) "the public interest." *Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 276-77 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 1065 (2017) (quoting *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007)).

7.     The Court finds there is no evidence the Settlement is a product of fraud or collusion.

8.     As detailed above, this was a complex class action with scarce precedent by which to evaluate the probability of success on the merits or predict whether a jury would award statutory damages. Furthermore, there were a litany of possible pitfalls at the class certification stage, the summary judgment stage, trial and with respect to damages. Here, the Settlement removes all risk, ensures future

compliance, and results in monetary payments to 18,952 K-Notice Payment Class members. This factor weighs in favor of final approval.

9. Class Counsel is experienced in FCRA class actions and conducted multiple rounds of written discovery, subpoenaed documents from third parties, and took the deposition of Defendant's corporate representative. The Court finds Class Counsel had sufficient information to evaluate the claims before it agreed to settlement terms.

10. As addressed above, the Court finds the likelihood of success on the merits weighed against the relief obtained by the settlement favors settlement.

11. Class Counsel has advocated for the Settlement. The Court defers to Class Counsel's informed and reasoned judgment and analysis of the relative risks and benefits of protracted litigation. Thus, this factor weighs in favor of approving the settlement.

12. The absence of any objections, and only one request for exclusion out of 18,952 Class Members, is evidence of the Settlement's adequacy. Thus, the absence of any objections to the Settlement by absent Class Members supports final approval.

13. The Court finds that the Settlement comports with the FCRA's stated goal of protecting consumer privacy and ensuring consumers are notified when their personal, sensitive information is being released to third parties and used for

employment purposes. Additionally, because class actions are complex and unpredictable, judicial-resource-saving class settlements are encouraged and in the public interest. Thus, this factor weighs in favor of final approval.

14. The Court finds the Class Notice met the requirements set forth in Rule 23(e), Fed. R. Civ. P., the due process rights of absent class members were protected, and the notice constituted the best practicable notice under the circumstances. The Court also finds that all requirements of the Class Action Fairness Act ("CAFA") have been satisfied.

## **CONCLUSION**

The Court finds the Settlement to be fair, reasonable and adequate. Accordingly:

(1) The Joint Motion for Final Approval of Class Action Settlement is GRANTED, and the Parties are directed to perform their duties under the Joint Stipulation of Class Settlement (ECF No. 41-2), and the Clerk is instructed to enter the Consent Order (ECF No. 41-2, PageID.330-31).

(2) The terms of the Joint Stipulation of Class Settlement are given full force and effect.

(3) Plaintiff and the Settlement Classes hereby release all of the "Released Claims" as defined by Joint Stipulation of Class Settlement with prejudice and are

barred and enjoined from pursuing any of the Released Claims in any forum or venue.

    SO ORDERED.

Dated: October 27, 2025                                    s/Robert J. White
                                                                    Robert J. White
                                                                    United States District Judge